**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHIPPER SERVICE COMPANY, INC.,
d/b/a COOSEMANS DETROIT,

    Plaintiff,

v.

FRESH LOUIE'S PRODUCE CO, LLC, et al.,

    Defendant.
_____/

Case No. 10-CV-10528

HONORABLE DENISE PAGE HOOD
FOR AND IN THE ABSENCE OF THE
HONORABLE PATRICK J. DUGGAN

## **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**I.**     **BACKGROUND**

This case is assigned to the Honorable Patrick J. Duggan. In his absence, this Court entered an Order Granting Plaintiff's Motion for Temporary Restraining Order ("TRO") on February 9, 2010 and setting a hearing date for Plaintiff's Motion for Preliminary Injunction for February 24, 2010. Defendants' response to the Motion for Preliminary Injunction was set for February 19, 2010. To date, no response to the motion has been filed by Defendants. At the hearing on the Preliminary Injunction motion, Plaintiff's counsel indicated Defendants have not contacted him since they were served with the Complaint and TRO and that attempts to contact Defendants have not been successful. No appearance on behalf of Defendants has been filed. The Certificate of Service filed by Plaintiff indicates Fresh Louie's and Alexis L. Alex were served on February 12, 2010.

On February 8, 2010, Plaintiff Shipper Service Co., Inc. ("Shipper") d/b/a Coosemans Detroit, filed a Complaint against Defendants Fresh Louie's Produce Co., LLC ("Fresh Louie's"), Alexis L. Alex and Louis Alex alleging: Failure to Pay Trust Funds (Count 1); Failure to Pay for Goods Sold (Count 2); Unlawful Dissipation of Trust Assets by a Corporate Official-Alexis L. Alex

(Count 3); Unlawful Dissipation of Trust Assets by a Corporate Official-Louis G. Alex (Count 4); and, Attorney Fees and Interest (Count 5).

Shipper Service is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") and is a dealer subject to and licensed under the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5). Fresh Louie's is engaged in the business of buying wholesale quantities of produce and is a dealer subject to and licensed under PACA. Alexis L. Alex and Louis Alex are officers of Fresh Louie's and in a position of control over the PACA trust assets belonging to Shipper. (Complaint, ¶¶ 3-4)

Between October 6, 2009 and January 5, 2010, Shipper sold and delivered to Fresh Louie's wholesale produce in the amount of $36,565.05, which remains unpaid. At the time of receipt of the produce, Shipper became a beneficiary in a statutory trust designed to assure payment to produce suppliers under PACA. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust. Fresh Louie's has not disputed the debt and has not paid the debt to date. Shipper seeks enforcement of the statutory trust established by Section 5(c) of PACA, 7 U.S.C. § 499e(c), by restraining the transfer of any and all assets of Fresh Louie's, except for any payment to Shipper, up to $36,565.05.

The TRO entered by the Court temporarily enjoined Defendants Fresh Louie's, Alexis L. Alex and Louis G. Alex, their agents, officers subsidiaries, assigns, banking and financial institutions from alienating, dissipating, paying over or assigning any assets of Fresh Louie's or its subsidiaries or related companies, except for payment to Plaintiff in the amount of $36,565.05 by cashier's or certified check. Plaintiff now seeks a preliminary injunction order enjoining the

2

dissipation of Fresh Louie's assets pending the litigation of this matter.

## II. ANALYSIS

### A. Preliminary Injunction Standard

Shipper Service seeks a preliminary injunction in this matter pursuant to Rule 65(b) of the Rules of Civil Procedure enforcing the statutory trust under Section 5(c) of PACA, by restraining the transfer of any and all trust assets of Fresh Louie's except for any payment to Shipper Service until Shipper Service is paid in full in the amount of $36,565.05.

Four factors must be balanced and considered before the Court may issue a preliminary injunction pursuant to Fed.R.Civ.P. 65(b): 1) the likelihood of the plaintiff's success on the merits; 2) whether plaintiff will suffer irreparable injury without the injunction; 3) the harm to others which will occur if the injunction is granted; and 4) whether the injunction would serve the public interest. *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989).

### B. First Factor-Likelihood of Success on the Merits

Under PACA, Congress created a statutory trust for unpaid sellers of perishable agricultural commodities. 7 U.S.C. § 499e(c)(2). Congress acknowledged the necessity of preserving separate assets for payment of produce suppliers. *See Frio Ice, S.A. v. Sunfruit, Inc.,* 918 F.2d 154, 159 (11th Cir. 1990). The statutory trust requirement under PACA is needed "to protect the public interest." 7 U.S.C. § 499e(c)(1). Sellers are given precedence over the claims of secured creditors. *See Overton Distrib. v. Heritage Bank,* 340 F.3d 361, 365 (6th Cir. 2003). The PACA trust is a "floating" trust, in that it applies to all of the buyer's produce and inventory and all proceeds from

the sale of produce. *Sanzone-Palmisano Co. v. M. Seaman Enter.,* 986 F.2d 1010, 1012 (6th Cir. 1993). When trust and non-trust assets are commingled, the burden is on the buyer or debtor to show that disputed assets were not acquired with proceeds from the sale of produce or produce-related assets. *Id.* at 1013-14. Congress considered sellers of perishable commodities to be especially vulnerable and therefore intended that they take priority over other unsecured creditors. *Id.*

As to the first factor, the likelihood of success on the merits, Shipper Service has submitted various exhibits and a declaration to support its claim that it is a beneficiary under the PACA trust held by Fresh Louie's. None of the Defendants in this case have submitted a response to the Motion for Preliminary Injunction, therefore there is nothing to rebut Shipper Service's arguments and documents supporting its position that Shipper Service is a beneficiary to the PACA trust. Shipper Service submitted evidence that it shipped perishable goods to Fresh Louie's and that Fresh Louie's has failed to pay for the goods.

  **C.**  **Second Factor/Irreparable Harm**

Addressing the irreparable injury requirement, it is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-12. Under PACA, federal courts have held that dissipation of the assets of a PACA trust constitutes irreparable harm sufficient to justify injunctive relief. *See Tanimura & Antle, Inc. v. Packed Fresh Produce,* 222 F.3d 132, 140-41 (3d Cir. 2000); *J.A. Besteman Co. v. Carter's, Inc.,* 439 F. Supp. 2d 774, 778 (W.D. Mich. 2006). Preventing the dissipation of trust assets is the key purpose of PACA. *Tanimura*, 222

F.3d at 139. Injunctive relief has been approved even where the evidence shows that the buyer or debtor is in financial distress and that the PACA beneficiary, in the absence of injunctive relief, would be unable to collect on the debt. *See, e.g., DeBruyn Produce Co. v. Olympia Produce Co.,* 734 F. Supp. 483, 485-86 (N.D. Ga. 1989).

Given that the key purpose of PACA is to prevent the dissipation of trust assets and to protect the beneficiary of a PACA trust, Shipper Service has shown it would be irreparably harmed if the preliminary injunction preventing dissipation of Fresh Louie's assets is not entered.

### D. Third and Fourth Factors/Harm to Others and Public Interest

Regarding the third and fourth factors, although the Defendants may be harmed in that they will be unable to access Fresh Louie's assets, given that Congress has expressly noted that a PACA trust serves the public's interest, these two factors weigh in favor of Shipper Service.

### E. Weighing the Factors

Weighing the four factors noted above, a preliminary injunction is issued in this matter enjoining Fresh Louie's and its subsidiaries, agents, financial institutions from dissipating Fresh Louie's assets, other than using the assets to pay Shipper Service.

## III. CONCLUSION

For the reasons set forth above, Plaintiff has shown it is entitled to a preliminary injunction.[1]

---

[1] Plaintiff's counsel submitted a proposed preliminary injunction order which sets forth immediate discovery requests which were not raised in Shipper Service's motion. Plaintiff did not file a separate motion for expedited discovery. The Court has no basis to determine whether Plaintiff has shown good cause for expedited discovery outside the normal course under the Rules of Civil Procedures. *See, e.g., Waggin' Train LLC v. Normerica Inc.,* 2009 WL 3762669 * 1 (W.D. Tenn. 2009)(Request for expedited discovery is not the norm, therefore a plaintiff must show good cause for the requested discovery.)(unpublished). Plaintiff also set forth various actions Defendants should be ordered to perform, in addition to actions Plaintiff should be authorized to perform, which were not raised in Shipper Service's motion. Plaintiff did not submit any legal authority for the

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction (**Doc. No. 4, filed 2/08/10**) is GRANTED.

IT IS FURTHER ORDERED that Defendants Fresh Louie's Produce Co., Alexis L. Alex and Louis G. Alex, their agents, officers, subsidiaries, assigns are enjoined from alienating, dissipating, paying over or assigning any assets of Fresh Louie's Produce Co., LLC or its subsidiaries or related companies, except for payment to Shipper Service d/b/a Coosemans Detroit the sum of $36,565.05 by cashier's or certified check to McCarron & Diess, 4530 Wisconsin Avenue, N.W., Suite 301, Washington, D.C. 20016, attorneys for Plaintiff.

IT IS FURTHER ORDERED that Defendants are further enjoined from directing their financial or banking institutions from alienating, dissipating, paying over or assigning any assets of Fresh Louie's, except for payment to Shipper Service as noted above.

s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge  
For and In the Absence of the  
HONORABLE PATRICK J. DUGGAN

DATED:  February 24, 2010
Detroit, Michigan

TIME OF ISSUANCE:   5:40 p.m.

THE CLERK SHALL FILE THIS ORDER FORTHWITH

 cc:    Attorneys for Plaintiff

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 24, 2010, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager

---

actions it seeks to be ordered in its proposed preliminary injunction order.